IN RE the CUSTODY OF Crystal NOONAN:

Julia BYBEE, Petitioner-Appellant,

v.

Kevin P. NOONAN, Respondent-Respondent.

Court of Appeals

*No. 90–2623. Submitted on briefs October 8, 1991.—Decided October 22, 1992.*

(Also reported in 492 N.W.2d 172.)

For the petitioner-appellant the cause was submitted on the brief of *Janice N. Bensky* and *Gila Shoshany* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

For the respondent-respondent the cause was submitted on the brief of *Harry N. Loeb* of *Loeb & Ching, S.C.* of Madison.

For Crystal Noonan the cause was submitted on the brief of Stephen C. Beilke, Guardian ad Litem, of *Murphy & Desmond, S.C.* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Julia Bybee appeals from an order granting summary judgment dismissing her petition for visitation with her niece pursuant to sec. 767.245(1), Stats.[1] The issue is whether a person who claims to have maintained a relationship with a child similar to a parent-child relationship may seek visitation under sec. 767.245(1), when the mother of the child died after a divorce was granted, the father remarried and the stepmother adopted the child. We conclude that visita-

---

[1]Section 767.245(1), Stats., provides:

> Upon petition by a grandparent, greatgrandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.

tion is unavailable to such a person under the statute. We affirm the order dismissing the petition.

Most of the facts are undisputed. Michelle and Kevin Noonan were divorced on January 20, 1984. The court granted custody of their child, born May 22, 1980, to Michelle. During much of the six months before May 1985, while her mother received medical treatment, the child lived with petitioner and her family. From May 1985 through April 1986, when Michelle died, and until June 1, 1986, the child lived with petitioner. Beginning June 1, 1986, she lived with her father.

Kevin remarried after Michelle's death. In March 1989, Kevin's second wife adopted the child. In April 1989, two weeks after the adoption order was entered, petitioner filed her petition for visitation under sec. 767.245, Stats., alleging that she had maintained a relationship like a parent-child relationship with the child.[2] The Dane County family court counseling service advised the court that the requested visitation was reasonable and in the child's best interest.

We conclude that the family court properly dismissed the petition under the ruling in *In re Z.J.H.,* 162 Wis. 2d 1002, 471 N.W.2d 202 (1991). The *Z.J.H.* court held that the intent of sec. 767.245(1), Stats., is to include "parent-like individuals in the group of people who may qualify for visitation rights to a minor child when an underlying action affecting the marriage exist[s]. The legislature did not express an intent to grant this group visitation rights to a child in an intact family unit." *In re Z.J.H.,* 162 Wis. 2d at 1023, 471 N.W.2d at 211. "[T]here must be an underlying action affecting the family unit before the provisions of sec.

---

[2]Whether petitioner maintained such a relationship is disputed.

767.245(1) are implicated." *In re Z.J.H.,* 162 Wis. 2d at 1020, 471 N.W.2d at 209.

The underlying action need not be an action brought under ch. 767, Stats. The underlying action may, for example, be a CHIPS proceeding under ch. 48, Stats. *In re Z.J.H.,* 162 Wis. 2d at 1020, 471 N.W.2d at 209. Here, however, no action affecting the marriage of Michelle and Kevin Noonan was pending when petitioner sought visitation under sec. 767.245(1), Stats. She sought visitation two weeks after the adoption order was entered. By that time, the child was part of an intact family consisting of her natural father, her adoptive mother and herself.[3]

We reject petitioner's contention that because the validity of the adoption must be resolved, the trial court could not grant summary judgment dismissing the complaint. Summary judgment may not be granted if a genuine issue of material fact exists which must be tried. Section 802.08(2), Stats. But no issue regarding the adoption exists in this case. Petitioner brought her petition for visitation under sec. 767.245(1), Stats., and that statute applies only when an underlying action exists affecting the marriage. *In re Z.J.H.,* 162 Wis. 2d at 1023, 471 N.W.2d at 211. No such action was pending when petitioner filed her petition.

---

[3]In 1992, the legislature enacted sec. 48.925, Stats. Section 2, 1991 Wis. Act 191. That statute permits a relative who has maintained a relationship similar to a parent-child relationship with a child who has been adopted by a stepparent or relative to seek visitation rights if the petitioner has maintained the relationship within two years prior to the filing of the petition. We express no opinion as to petitioner's right to seek visitation under this statute.

We conclude that the order dismissing the petition of Julia Bybee for visitation with her niece must be affirmed.

*By the Court.*—Order affirmed.